IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NORA CANDELARIA, and all others similarly situated under 29 USC § 216(b),<br><br>*Plaintiff*,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION,<br><br>*Defendant*. | Civil Action No. 2:17-cv-404<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1. Nora Candelaria ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 New Mexico Class Members against Defendant Health Care Service Corporation ("Defendant").

### I. SUMMARY

2. Defendant issues and administers healthcare plans in five states through five divisions, that respectively operate under the names of Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Montana, Blue Cross and Blue Shield New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Texas. Plaintiff and the respective FLSA and NM Class Members (defined below) worked for Defendant as "Care Coordinators" (or other titles) whose primary responsibilities include conducting on-site member assessments, inputting members' information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits.

3. Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law") by classifying the FLSA and NM Class Members as exempt from overtime, paying them

on a salary basis and refusing to pay them overtime despite those individuals regularly working over 40 hours per week.

## II. PARTIES

4. Plaintiff is a New Mexico resident that worked for Defendant as a Care Coordinator, and specifically as a Member Care Coordinator, in New Mexico from approximately September 5, 2013 to July 1, 2015. Her consent to participate in this lawsuit is attached to this Complaint as Exhibit A.

5. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA. The "FLSA Class Members" consist of all current and former employees paid on a salary basis whose primary job duties consisted of conducting on-site member assessments, inputting members' information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits, whether they were referred to as "Care Coordinators," "Member Care Coordinators," or other job titles.

6. Plaintiff brings this action as a Rule 23 class action under New Mexico law on behalf of FLSA Class Members who work or worked for Defendant in New Mexico ("NM Class Members").

7. Defendant Health Care Service Corporation is an Illinois Corporation that has its principle place of business in Illinois. Defendant does not have a registered agent for service of process in the state of New Mexico, but may be served with process by serving any officer or agent of the corporation at 300 E. Randolph Street, Chicago, Illinois 60601.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

9. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

10. Venue is proper in the District Court of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Plaintiff resides in this District and the work she performed giving rise to these claims occurred in this District.

## IV. FLSA COVERAGE FACTS

11. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the FLSA and NM Class Members.

12. At all relevant times, Defendant constituted an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

13. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled materials, including computers and other equipment, to conduct medical assessments.

14. At all relevant times, Plaintiff and respective Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

## V. FACTUAL ALLEGATIONS

15. Defendant has had business operations throughout the United States, including in New Mexico and this judicial district, and its annual gross volume of sales made or business done exceed $500,000.00 per year.

16. Plaintiff worked as a Care Coordinator for Defendant from approximately September 5, 2013 to July 1, 2015, and worked over 40 hours in one or more work weeks during the last three years.

17. As a Care Coordinator, Plaintiff's primary job duties consisted of conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. Plaintiff routinely worked over 40 hours per week, but Defendant failed to pay her any overtime premium for all hours worked in excess of 40 per workweek.

19. Instead of providing Plaintiff with overtime pay, Defendant misclassified Plaintiff as exempt and paid her on a salary basis with no overtime pay for her many hours of overtime work.

20. Defendant knew that Plaintiff worked in excess of 40 hours per week.

21. Plaintiff is entitled to receive overtime pay for all the hours worked in excess of 40 per workweek.

22. Defendant willfully misclassified Plaintiff as exempt and refused to pay her overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiff and the respective Class Members regarding their pay and excessive overtime hours; (3) paying workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff overtime.

23. During the three years prior to the filing of this Complaint, Defendant employed other FLSA Class Members as Member Care Coordinators, Care Coordinators, or other job titles. These individuals' primary job duties consisted of conducting on-site member assessments, imputing member information into Defendant's automated system, and ensuring members completed all necessary authorizations for receipt of insurance benefits. These job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. The FLSA Class Members routinely worked over 40 hours per week, but Defendant failed to pay them any overtime premium for all hours worked in excess of 40 per workweek. Instead, Defendant misclassified the FLSA Class Members as exempt and paid them on a salary basis with no overtime pay for their many hours of overtime work.

25. Defendant knew that the FLSA Class Members worked in excess of 40 hours per week.

26. The FLSA Class Members are entitled to receive overtime pay for all the hours they worked in excess of 40 per workweek.

27. Defendant willfully misclassified the FLSA Class Members as exempt and refused to pay them overtime, despite (1) having awareness of the FLSA's minimum wage and overtime requirements; (2) routinely receiving complaints from Plaintiff and the respective Class

Members regarding their pay and excessive overtime hours; (3) paying workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but choosing not to pay the FLSA Class Members overtime.

## VI. NEW MEXICO CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates all allegations previously made in this Complaint.

29. Plaintiff brings this class action on behalf of the respective NM Class Members.

30. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 100 NM Class Member worked at least one workweek of more than 40 hours in New Mexico over the past three years.

31. Plaintiff's claims are typical of the NM Class Members. She and the NM Class Members: (1) had the same primary job duties; (2) were classified as exempt from overtime; (3) were paid a salary; (4) worked in New Mexico in at least one workweek during the last three years; and (5) were denied overtime at a rate of one-and-one half times their regular rate of pay for all overtime hours worked.

32. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant violated NM Wage Law by failing to pay the respective NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

   b. Whether Defendant violated NM Wage Law by misclassifying the NM Class Members as exempt from overtime;

   c. The proper measure of damages sustained by the respective NM Class Members; and

   d. Whether Defendant should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the respective NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

33. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the NM Class Members, making final injunctive and/or declaratory relief appropriate to the NM Class Members as a whole.

34. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) questions of law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the failure to pay overtime to the NM Class Members. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

### VII. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. Plaintiff incorporates all allegations previously made in this Complaint.

36. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing Plaintiff and the FLSA Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-

and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII. COUNT II: VIOLATION OF NM WAGE LAW

37. Plaintiff incorporates all allegations previously made in this Complaint.

38. Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendant violated and continues to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendant's continued course of conduct regardless of the date on which they occurred.

## IX. RELIEF SOUGHT

39. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class Members, prays for relief against Defendant as follows in regards to her FLSA collective action claims:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

**e.** For an Order granting such other and further relief as may be necessary and appropriate.

40. WHEREFORE, Plaintiff, individually and on behalf of the NM Class Members, prays for relief against Defendant as follows in regards to her class action complaint:

a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c. For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**J. FORESTER**
Texas Bar No. 24087532
forester@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
jack@siegellawgroup.biz
**SIEGEL LAW GROUP, P.L.L.C.**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**