# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

NORA CANDELARIA,

    Plaintiff,

v.                                                No. 17-cv-0404 KG/SMV

HEALTH CARE SERVICE CORPORATION,

    Defendant.

## AMENDED INITIAL SCHEDULING ORDER

    This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism are required of counsel. Counsel must read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

    The original Initial Scheduling Order was issued in this case on May 15, 2017. [Doc. 7]. The parties submitted their original Joint Status Report and Provisional Discovery Plan ("Original JSR") on July 17, 2017. [Doc. 17]. In their Original JSR, the parties proposed two phases of discovery. *See id.* at 2. The first would allow Plaintiff to file a motion for conditional certification of the Fair Labor Standards Act collective and would allow time for that motion to be ruled on. *Id.* The second phase would include discovery and a deadline to move for certification of the purported class under the New Mexico Minimum Wage Act ("NM MWA"). *Id.*

After *ten* extensions of time,[1] three Orders to Show Cause, and one Order Requiring a Status Report, Plaintiff has filed no motion for conditional certification, and the most recent deadline to do so passed on March 1, 2019. *See* [Doc. 48]. Discovery is long overdue in this case and shall commence.

The parties, appearing through counsel or pro se, must "meet and confer" no later than **June 20, 2019**, to formulate an Amended Provisional Discovery Plan. Fed R. Civ. P. 26(f). At the meet-and-confer session, the parties must discuss: (1) the nature and bases of their claims and defenses; (2) the possibility of a prompt resolution or settlement; (3) making or arranging for complete initial disclosures as required by Rule 26(a)(1); (4) preserving discoverable information; and, (5) the formulation of a provisional discovery plan. Fed. R. Civ. P. 26(a)(1), (f). In formulating an Amended Provisional Discovery Plan, counsel and pro se parties should meaningfully discuss: (i) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to particular issues; (ii) the disclosure, discovery, and preservation of electronically stored information, including the

---

[1] The ten extensions lasted more than 18 months. *Compare* [Doc. 7] at 4 (setting original deadline on August 14, 2017, *with* [Doc. 48] (tenth stipulation, extending the deadline to March 1, 2019). The first deadline, August 14, 2017, was extended by the Court after resolving a dispute about whether discovery was permissible prior to conditional certification. [Doc. 7] at 4 (imposing the original deadline of August. 14, 2017); [Doc. 20] (extending the deadline to no later than September 29, 2017). The extended deadline of September 29, 2017, was not met, and no extension was requested until after the deadline had expired. On telephonic notification by chambers staff to Plaintiff's counsel that the extended deadline had passed, the parties stipulated to another extension: October 20, 2017. [Doc. 28]. On October 20, 2017, the parties stipulated to a third extension: November 3, 2017. [Doc. 29]. The extended deadline of November 3, 2017, was not met, and the Court ordered Plaintiff to show cause why her claims should not be dismissed for lack of prosecution and for failure to comply with the Court's deadlines. [Doc. 30]. The parties stipulated to a fourth extension to January 15, 2018, [Doc. 34], and the Order to Show Cause was quashed, [Doc. 36]. The parties then stipulated to four more extensions. [Docs. 38, 39, 40, 42]. The extended deadline of September 1, 2018, was not met and the Court issued its second Order to Show Cause directing Plaintiff to show cause why her claims should not be dismissed for lack of prosecution and for failure to comply with the Court's deadlines. [Doc. 44]. The parties stipulated to a ninth extension to February 1, 2019, [Doc. 45], and the Second Order to Show Cause was quashed, [Doc. 46]. The parties then stipulated to a tenth extension to March 1, 2019. [Doc. 48]. That deadline has passed, and no further extension has been requested.

form(s) in which it should be produced; (iii) any claims of privilege or confidentiality of materials, including exploring whether the parties can agree on a procedure to assert these claims and whether they will ask the Court to include any agreement in an order; (iv) whether any changes should be sought to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules; and (v) the facts and the law governing the case to which the parties are willing to stipulate.

Initial disclosures under Rule 26(a)(1) must be made within 21 days of the meet-and-confer session, unless a different time is set by stipulation or Court order. The parties are advised to strictly follow the letter and spirit of Rule 26(a)(1) in preparing their initial disclosures. Initial disclosures are intended to accelerate the exchange of core information about the case and eliminate the need for formal discovery at the early stages of litigation. *See* Fed. R. Civ. P. 26(a)(1) 1993 advisory committee's notes. The parties must meet these objectives in making their initial disclosures and should be prepared to explain how they have fully complied with their obligations under Rule 26(a)(1) at the Second Rule 16 initial scheduling conference.

The parties will cooperate in preparing an Amended Joint Status Report and Provisional Discovery Plan ("Amended JSR"), following the sample JSR available at the Court's web site. The parties are to fill in the blanks for proposed dates, bearing in mind that the time allowed for discovery is generally 120 to 180 days from the date of the Rule 16 initial scheduling conference. Plaintiff (or Defendant in removed cases) is responsible for filing the JSR by **July 3, 2019**.

The Court will determine actual case management deadlines after considering the parties' requests. If the parties fail to meaningfully propose dates certain in their Amended JSR, as outlined above, **the case will be set on a 180-day discovery track**. Parties may not modify case

3

management deadlines on their own.  Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in this Amended Initial Scheduling Order or in the forthcoming Scheduling Order.

A Second Rule 16 initial scheduling conference will be held by telephone on **July 25, 2019, at 1:30 p.m. MDT.**  The parties must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.  At the conference, counsel and any pro se parties must be prepared to discuss their Amended JSR; all claims and defenses; initial disclosures; discovery requests and scheduling; issues relating to the disclosure, discovery, and preservation of electronically stored information; the timing of expert disclosures and reports under Rule 26(a)(2);[2] setting a deadline for the filing of a motion for class certification (under the NM MWA); and the use of scientific evidence and whether it is anticipated that a *Daubert*[3] hearing will be needed.  We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Lead counsel and parties appearing pro se must participate unless excused by the Court.  Parties represented by counsel need not attend.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

| | |
|---|---|
| **Meet and Confer by:** | **June 20, 2019** |
| **Amended JSR filed by:** | **July 3, 2019** |

---

[2] In preparing the Amended JSR, counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(C).

[3] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993).

**Initial Disclosures due within 21 days of the**
**meet-and-confer session, but in no event later than:**       July 11, 2019

**Second Telephonic Rule 16 Initial Scheduling Conference:**   July 25, 2019, at 1:30 p.m.,
                                                               Mountain Daylight Time

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**