IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NORA CANDELARIA, KIMANI SINGLETON and all others similarly situated under 29 USC § 216(b), <br><br> *Plaintiffs*, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, <br><br> *Defendant*. | Case No. 2:17-cv-404-KG-SMV <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT**

WHEREAS, Named Plaintiffs have made application for an order preliminarily approving the Parties' settlement as stated in the Settlement Agreement ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Settlement Class Members' claims upon the terms and conditions set forth therein. This Order incorporates by reference the definitions in the Settlement Agreement;

WHEREAS, Defendant supports preliminary approval of the Settlement;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement ("Motion") is GRANTED.

2.  The Court hereby preliminarily approves the Settlement Agreement and the Settlement of the New Mexico Minimum Wage Act and Illinois Minimum Wage Law class action claims as fair,

reasonable and adequate based on consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) and relevant case law.

3. The settlement of the Fair Labor Standards Act collective action is also approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

4. The formula for allocation of settlement payments set forth in the Settlement Agreement is preliminarily approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Named Plaintiffs, Settlement Class Members and Opt-In Plaintiffs (collectively, "Settlement Class Members").

5. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

6. The Court has considered the pleadings and arguments in support of the Motion and finds that the proposed Settlement Class is proper. For purposes of settlement, the "Settlement Class" includes the 597 individuals who are also identified on Exhibit A by coded identification number. The Settlement Class is comprised of individuals who worked in New Mexico ("New Mexico Class"), individuals who worked in Illinois ("Illinois Class"), and individuals who worked in states other than New Mexico and Illinois ("FLSA Class"). The Settlement Class is comprised of individuals who worked at some point between April 3, 2014, and the present. The FLSA Class is limited to individuals working between April 3, 2015, and the present.

7. The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for the Rule 23 Settlement Class Members for settlement purposes only. Specifically, the Court finds as follows: (a) the settlement class is so numerous that joinder is impracticable; (b) common questions of fact and law exist; (c) the Named Plaintiff's claims are typical of the settlement class's

claims; and (d) the Named Plaintiff and Settlement Class Counsel will be able to fairly and adequately protect the interests of the class. In addition, the Court finds that questions of law or fact common to the settlement class predominate over questions affecting individual members for purposes of the settlement, and the class action settlement is superior to other available methods. Certification of the Rule 23 Settlement Class for settlement purposes is the best means for protecting the interests of all of the Rule 23 Settlement Class Members.

8. The Court appoints J. Derek Braziel of Lee & Braziel, LLP and Jack Siegel of the Siegel Law Group, PLLC, as settlement Class Counsel and preliminarily approves up to thirty-five percent (35%) as attorneys fees. The Court also approves Nora Candelaria and Kimani Singleton as Settlement Class Representatives.

9. The Court approves the use of a settlement administration firm to be selected in accordance with the terms of the Settlement Agreement.

10. The Court approves, as to form and content, the Settlement Notices attached to the Settlement Agreement, and finds that the distribution of the Settlement Notices as set forth in the Settlement Agreement: (1) meets the requirements of federal law and due process, including Fed. R. Civ. P. 23(c)(2); (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto. By agreement, the Parties may change non-substantive text and the format of the documents as necessary for processing and distribution.

11. Within 15 days of the Court entering this Order on the docket, Defendant shall provide the Settlement Administrator and Settlement Class Counsel with a complete listing of all Settlement Class Members. That listing shall contain the information specified in Section IV. B of the Settlement Agreement.

12. The Court approves the Settlement Administrator following the date and time guidelines set forth in the Settlement Agreement.

13. All Settlement Class Members, except for those who have excluded themselves in accordance with the terms of the Settlement Agreement, will be bound by any final judgment and the release as set forth in the parties' Settlement Agreement and the Settlement Notice, if the Court approves the Settlement.

14. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on **March 19, 2020, at 9:00 a.m.,** in the 4th Floor Mimbres Courtroom of the U.S. District Court, 100 N. Church Street, Las Cruces, New Mexico 88001. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court. The Court will also hear at that time any objections submitted by Settlement Class Members. The Court also will consider Settlement Class Counsel's request for an award of attorneys' fees and costs and for a Service Award to be made to the Settlement Class Representative. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

15. Any Settlement Class Member may appear at the Final Approval Hearing, at his or her own expense, individually or through counsel of his or her own choice, and show cause, if any, why: (1) the proposed Settlement should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees and costs should or should not be awarded to Settlement Class Counsel; and/or (4) why the Settlement Class Representative should or should not receive extra compensation in the form of a Service Award. However, no Settlement Class Member or any other person shall be heard or entitled to contest the

approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Settlement Class Representative or the attorneys' fees and costs awarded to Settlement Class Counsel, unless that person has, no later than 45 days after mailing of Settlement Notice to the Settlement Class, served by first class mail on the Settlement Administrator, written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof, explaining the basis of the objection as provided herein. All timely filed and served objections and notices of intention to appear at the Final Approval Hearing also shall be filed with the Clerk of the Court and considered and ruled upon by the Court at the Final Approval Hearing. Any Settlement Class Member who does not enter an appearance or opt out of the Settlement Class will be represented by Settlement Class Counsel. Any Settlement Class Member who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection (by appeal or otherwise) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Settlement Class Counsel, unless otherwise ordered by the Court.

16. As provided for in the Settlement Agreement, if this Court does not grant final approval of the proposed Settlement set forth in the Settlement Agreement, then the Settlement Agreement will be vacated, this Order and all other findings or stipulations regarding the Settlement shall be automatically void and treated as if never filed. The Parties and any funds to be awarded under the Settlement Agreement shall be returned to their respective status as of the date and time immediately prior to the execution of the Settlement Agreement, and the Litigation shall proceed without prejudice to any party.

17. All papers in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

18. This Order and the Settlement are not admissions or concessions by Defendant of any liability or wrongdoing. This Order is not a determination of liability and does not constitute any opinion of this Court as to the merits of the claims and defenses in this action.

19. This action shall be stayed pending further proceedings in connection with the effectuation of the Settlement, except such actions and proceedings that may be necessary to implement the Settlement and this Order.

20. Pending final determination of whether the Settlement should be approved, Named Plaintiffs and all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or other forum asserting any of the claims released in the Settlement Agreement. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

21. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Counsel for the Parties are hereby authorized to utilize all reasonable and mutually agreed procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

_____
UNITED STATES DISTRICT JUDGE