IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NORA CANDELARIA, KIMANI SINGLETON and all others similarly situated under 29 USC § 216(b),<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION,<br>*Defendant.* | Case No. 2:17-cv-404-KG-SMV<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

ORDER GRANTING INTERIM/FINAL APPROVAL OF SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS AND DISMISSING ACTION

This Court, having granted preliminary approval of the Parties' Settlement Agreement for Class and Collective Action Claims (ECF No. 62), having reviewed the Joint Motion for Interim/Final Approval of Settlement Agreement for Class and Collective Action Claims with supporting exhibits submitted by Plaintiffs (ECF No. 74), as well as the Parties' presentation at the Final Approval Hearing, the Proposed Findings and Recommended Disposition by Magistrate Judge Vidmar (ECF No. 83), and otherwise being fully informed, the Court finds and orders as follows[1]:

1.  The Court has reviewed Magistrate Vidmar's Proposed Findings and Recommended Disposition and hereby adopts those findings as the findings of this Court. The Court hereby gives interim approval to the settlement reached by the Parties as set forth in the Settlement Agreement. The interim approval will convert to final approval on November 25, 2020, provided no state or federal officials have raised issues with the settlement prior to that date. If

---

[1] All capitalized terms not defined within this Order are defined in the Parties' Settlement Agreement.

there is no issue raised by a governmental agency concerning the settlement, then this Order granting interim approval becomes and shall be considered as the Order granting final approval of the settlement. If an issue is raised by a governmental agency, the settlement will remain in interim approval status until the issues are addressed.

2. The Court approves the Settlement Agreement and the Settlement of the New Mexico and Illinois Minimum Wage Law class action claims as fair, reasonable, and adequate. The Settlement of the Fair Labor Standards Act collective action is approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation. The Settlement was reached pursuant to arm's-length negotiations, which included the use of an expert wage and hour third party mediator, between the Parties after informal discovery, and has the support of Settlement Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions.

3. The Court finds that the Settlement Class certified in its December 5, 2019 Order (ECF No. 62) satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. For purposes of settlement, the "Settlement Class" includes the 596 individuals who are identified on Attachment 7 to the Claim Administrator's declaration. (ECF No. 74-1). The Settlement Class is comprised of individuals who worked in New Mexico ("New Mexico Class"), individuals who worked in Illinois ("Illinois Class"), and individuals who worked in New Mexico, Illinois, and other states ("FLSA Class"). The New Mexico and Illinois Classes are comprised of individuals who worked at some point between April 3, 2014, and December 5, 2019. The FLSA Class is comprised of individuals who worked at some point between April 3, 2015, and December 5, 2019.

4.  The Notices of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class via First Class Mail adequately informed the Settlement Class Members of the terms of the Settlement Agreement, their individualized recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including the telephone number of Settlement Class Counsel and the Claims Administrator from whom Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied all the necessary requirements, including those contained Rule 23(c)(2)(B) and Rule 23(e)(1).

5.  As identified in the declaration of Caroline Barazesh, Claims Administrator, the Court finds that only one Class Member excluded herself from the Settlement following the issuance of the Class Notice and there were no objectors to the Settlement.[2] The absence of any objections to the Settlement by Class Members likewise supports approval of the Settlement. In addition, the litigation was settled after substantial informal discovery which allowed the Parties to evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6.  Settlement Class Members will release and discharge Defendant and its affiliates as set forth in the Parties' Settlement Agreement, from any and all wage and hour-related claims and rights that they may have, whether known or unknown, whether contingent or non-contingent,

---

[2] The Court has previously ruled that the group of individuals who filed a document purporting to be an objection were not part of the Settlement Class. (ECF No. 67).

in accordance with the terms of the Settlement Agreement and through the date that this order becomes Final arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-19, et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., and any other local, state, and federal laws, including all common, contract, and tort laws, that are based upon or related to any alleged overtime or other wage and hour-related claims of the Settlement Class, including, but not limited to, claims for penalties, interest, liquidated damages, litigation costs, and attorney's fees.

7.	As further specified in the Parties' Settlement Agreement, and in part in consideration for their service awards, the Named Plaintiffs fully release and discharge Defendant and its affiliates from any and all claims, known or unknown, related to the Named Plaintiffs' employment with Defendant or its affiliates.

8.	Within twenty (20) business days of final approval, or when all potential appeals or challenges have been exhausted, whichever occurs later, Defendant shall transfer to the Claims Administrator the funds necessary to satisfy the settlement and all related and approved awards, fees, costs and litigation expenses.

9.	Defendant shall pay, separate and apart from the settlement proceeds ("Settlement Proceeds"), the employer's share of all applicable state and federal payroll taxes on the checks distributed to the Named Plaintiffs, Opt-In Plaintiffs, and Settlement Class Members for the wage payment portion of their Settlement Awards.

10.	Named Plaintiffs, Settlement Class Members and Opt-in Plaintiffs shall each receive their portion of the Net Settlement Fund in accordance with the calculations provided for in the Settlement Agreement. The Claims Administrator shall issue Settlement Class Members their settlement payments from the Net Settlement Fund (the Net Settlement Fund equals the Gross

Settlement Amount minus Court-awarded attorneys' fees and costs, the Claims Administrator's fee, and the Named Plaintiffs' Service Awards). Fifty percent (50%) of each individual's portion of the Net Settlement Fund shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) of each individual's portion of the Net Settlement Fund, and the Named Plaintiffs' Service Awards, shall be allocated as liquidated damages and interest (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

11. The Court also approves settlement of Settlement Class Members' claims which arise under the Fair Labor Standards Act. The Settlement Agreement presents a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

12. The Court approves a Service Award of $5,000 to each of the Named Plaintiffs. This Service Award recognizes their service to the Settlement Class Members, including time and effort spent conferring with Settlement Class Counsel, filing and pursuing the Action, producing documents, assisting in preparation for mediation, and resolving the Action on behalf of all Opt-In Plaintiffs and Settlement Class Members. This service award is consistent with those approved by other district courts in the 10th Circuit. *See Blanco v. Xtreme Drilling and Coil Services, Inc.*, No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, *7 (D. Colo. July 17, 2020) (approving $24,000 service award in part due to risk of oil industry "blackballing"); *Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-NRN, 2020 WL 4057585, *3 (D. Colo. July 20, 2020) (approving $20,000 service award). The Service Awards will be paid in accordance with the deadline set forth in the Settlement Agreement, or as otherwise in accordance with this Order.

13. Upon receipt of the funds in accordance with this Order, the Claims Administrator

shall distribute the Settlement Proceeds in accordance with the terms of the Settlement Agreement, and mail all Named Plaintiffs, Opt-In Plaintiffs, and Settlement Class Members their Settlement Checks from the Settlement Proceeds. If the Claims Administrator is unable to deliver a settlement check to a Class Member, or if a check remains uncashed after the one hundred and eighty (180) day period, the amount of such settlement checks will revert to the Settlement Proceeds, and the funds represented thereby shall revert back to Defendant.

14.    The Court grants Class Counsel's request for attorney's fees representing 35% of the Gross Settlement Amount. This amount is reasonable for this common fund case and consistent with the practice of district courts in the 10th Circuit. *See*, *Barela v. Citi Corp.*, No. 1:11-cv-506-KG-GBW, ECF 93 (D.N.M Sept. 15, 2014) (awarding percentage of fund in hybrid FLSA and Rule 23 wage and hour case) (Gonzales, J.); *Acevedo v. Sw. Airlines Co.*, 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *1 (D.N.M. Dec. 10, 2019) (approving 33% award without lodestar analysis or lodestar crosscheck in wage and hour hybrid action), *report and recommendation adopted*, 2020 WL 85132 (D.N.M. Jan. 7, 2020); *Ramah Navajo Chapter v. Babbitt*, 50 F. Supp. 2d 1091, 1097 (D.N.M. 1999) (fee awards "in common fund cases should be evaluated using the percentage of fund method without a lodestar analysis."); *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (fees and costs of 39% of the fund without lodestar analysis in wage and hour hybrid action without lodestar cross check); *Barbosa v. Nat'l Beef Packing Co., LLC.*, No. 12-2311-KHV, 2015 WL 4920292, at *11 (D. Kan. Aug. 18, 2015) (citations omitted) (noting that fee awards in common fund cases have been approved at as high as 58%). Upon receipt of the funds in accordance with this Order, the Claims Administrator shall deliver to Class Counsel a wire transfer to Settlement Class Counsel for their award of attorneys' fees and litigation expenses/costs as set forth in written instructions which will be sent to the

Claims Administrator and approved by Settlement Class Counsel.

15. Class Counsel's request for reimbursement of $12,819.50 in actual out-of-pocket litigation expenses and costs incurred in prosecuting this case, including costs for court fees, electronic research, postage and courier fees, photocopies, and the fees of the private mediator, is granted. The Court finds these costs to be reasonably incurred.

16. The Claims Administrator shall be paid a sum of $15,536.35 from the Settlement Proceeds for the services provided in connection with the administration of the Settlement.

17. This matter is dismissed with prejudice. The Parties are to bear their respective attorney's fees and costs except as provided in the Settlement Agreement.

18. The Court will retain jurisdiction over this matter for the purpose of enforcing the terms of the Settlement Agreement.

19. The Parties shall otherwise abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

_____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Respectfully Submitted by: | Electronically approved on October 20, 2020 by: |
| /s/J. Derek Braziel<br>J. Derek Braziel<br>**BRAZIEL DIXON, LLP**<br>Texas Bar No. 24087532<br>1910 Pacific Ave., Suite 12001<br>Dallas, Texas 75201<br>214-749-1400 – Office<br>214-749-1010 – Fax<br>jdbraziel@l-b-law.com | /s/ Mark D. Temple<br>Mark D. Temple<br>Texas State Bar No. 00794727<br>**BAKER & HOSTETLER, LLP**<br>811 Main Street, Suite 1100<br>Houston, TX 77002-6110<br>Telephone: +1 713 751 1600<br>Facsimile: +1 713 751 1717<br>mtemple@bakerlaw.com |
| Jack Siegel<br>**SIEGEL LAW GROUP PLLC**<br>Texas Bar No. 24070621<br>2820 McKinnon, Suite 5009<br>Dallas, Texas 75201<br>P: (214) 790-4454<br>www.4overtimelawyer.com | Adam J. Weiner<br>**REED SMITH LLP**<br>10 S. Wacker Drive, 40th Floor<br>Chicago, IL 60606<br>Telephone: +1 312 207 2841<br>Facsimile: +1 312 207 6400<br>ajweiner@reedsmith.com |
| **ATTORNEYS FOR PLAINTIFF** | Randy S. Bartell<br>**MONTGOMERY & ANDREWS, P.A.**<br>P.O. Box 2307<br>Santa Fe, NM 87504-2307<br>Telephone: +1 505 986 2678<br>rbartell@montand.com |
| | **ATTORNEYS FOR DEFENDANT** |